IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:00CR358 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| ALFRED D. ROGERS, | ) | |
| | ) | |
| Defendant. | ) | |

  This matter is before the court on filing no. 157, the petitioner's Application for Leave to Proceed In Forma Pauperis ("IFP") on appeal. The petitioner appeals the Memorandum and Order on Motion to Vacate Pursuant to Rule 60(b)(4) (filing no. 155).

  The Eighth Circuit Court of Appeals has stated that district courts should continue to certify pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a) whether an appeal by an appellant who wishes to proceed IFP on appeal is or is not taken in good faith. Henderson v. Norris, 129 F.3d 481, 485 (8th Cir. 1997). If the district court concludes that such an appeal is not taken in good faith, it shall, pursuant to Fed. R. App. P. 24(a), state in writing the reasons for the denial.  Id.

  To proceed IFP on appeal, a petitioner must show both "a financial inability to pay the required fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal."  McIntosh v. United States Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997).  The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962).  An appeal is not taken in good faith if the issue presented is frivolous.  Id.

Here, the defendant's appeal is frivolous. Defendant is appealing this court's August 18, 2006 Memorandum and Order denying defendant's Motion to Vacate Pursuant to Rule 60 (b) (4) and Motion for Reconsideration (Filing No. 153). In this motion defendant raised two issues: (1) the indictment against defendant was initiated by a state prosecutor who was not acting under the supervision of the United States Attorney; and (2) the indictment filed against defendant was not returned by a grand jury to a federal magistrate in open court. The first issue defendant raised in his Motion to Vacate, Set Aside, or Correct Sentence by a Federal Prisoner Under 28 U.S.C. § 2255 (§ 2255) filed on November 7, 2002. (Filing No. 120). On November 18, 2003, this court denied defendant's § 2255 motion specifically addressing defendant's objection to the prosecutor in his case. (Filing No. 132). Defendant attempted to appeal this decision but the Eighth Circuit denied his application for certificate of appealability. (Filing No. 143). His Motion for Reconsideration is simply an attempt to file a successive § 2255 petition which is prohibited by 28 U.S.C. § 2255. Furthermore, defendant has waived his second claim, challenging his indictment, as at no time during the proceedings did he preserve his objection to the indictment. Because defendant's claims are frivolous his motion to proceed IFP is denied.

If a district court determines that an appeal is not taken in good faith or that the individual is not otherwise entitled to pauper status, the clerk of the district court must serve notice of the district court's decision on the parties and the Court of Appeals. Fed. R. App. P. 24(a)(4). The appellant then has 30 days, following service of the clerk's notice, to file a motion in the Court of Appeals for leave to proceed IFP on appeal. Fed. R. App. P. 24(a)(5). Such a motion in the Court of Appeals must be accompanied by a copy of the affidavit filed in the district court, or by a new affidavit if none was previously filed, and by

a copy of the statement of reasons given by the district court for denial of IFP status on appeal. Id. If the Eighth Circuit grants the renewed IFP motion, the plaintiff would not be relieved of the $455 appellate filing fee but would be permitted to pay the fee in installments.

THEREFORE, IT IS ORDERED:

1. That filing no. 157, the plaintiff's Motion to Proceed in Forma Pauperis on appeal, is denied;

2. That the Clerk of Court shall send a copy of this Memorandum and Order to the parties and the Eighth Circuit Court of Appeals as the notice required by Fed. R. App. P. 24(a)(4), and the clerk shall process the appeal to the Eighth Circuit; and

3. That the plaintiff may file a motion in the Court of Appeals for leave to proceed IFP on appeal.

DATED this 16th day of October, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge