IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>vs.<br><br>ALFRED D. ROGERS,<br><br>                  Defendant. | 8:00CR358<br><br>MEMORANDUM AND ORDER |

      This matter is before the court on the defendant's pro se motion for reconsideration, Filing No. 221. On March 1, 2012, the Eighth Circuit Court of Appeals summarily denied the defendant's appeal of this court's order denying his motion to reduce his sentence for distribution of crack cocaine. *See* Filing No. 219, Court of Appeals Judgment; Filing No. 220, Mandate; Filing No. 211, Order. The defendant urges the court to reconsider in light of the Supreme Court's recent decision that the "new, more lenient mandatory minimum provisions" of the Fair Sentencing Act of 2010 ("the FSA") "apply to offenders who committed a crack cocaine crime before August 3, 2010, but were not sentenced until after August 3." *Dorsey v. United States*, 567 U.S. —, —, 132 S. Ct. 2321, 2326 (2012).

      Rogers entered a plea of guilty to a charge of conspiracy to possess with intent to distribute 50 grams or more of a mixture containing a detectable amount of cocaine base and 500 grams or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and to possession of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Filing No. 66. The drug trafficking charge carried a statutory mandatory minimum sentence of 120

months. See 21 U.S.C. § 841(a)(1). On December 21, 2001, the defendant was sentenced to 121 months (the low end of the Guidelines sentencing range) on the drug trafficking charge and to 60 consecutive months on the weapon charge. Filing No. 110, Amended Judgment and Commitment. Pursuant to his motion for a sentence reduction under 18 U.S.C. § 3582(c), his sentence was later reduced from 121 months to 120 months on July 25, 2008. Filing No. 178, Order. This court denied a motion to reconsider, finding that it lacked authority to sentence below the mandatory minimum sentence. Filing No. 182, Order at 2. The Eighth Circuit Court of Appeals summarily affirmed that order. Filing No. 188, Court of Appeals Judgment.

On August 3, 2010, the FSA became effective. Pub. L. No. 111–220, 124 Stat. 2372. The FSA amended the quantity of crack cocaine that triggers a statutory minimum sentence from 50 grams to 280 grams. 21 U.S.C. § 841(b)(1)(A)(iii)(2011); United States v. Lee, —- F.3d —-, 2012 WL 3116331, * — (8th Cir. 2012). The "new, more lenient mandatory minimum provisions" of the FSA "apply to offenders who committed a crack cocaine crime before August 3, 2010, but were not sentenced until after August 3." Dorsey v. United States, 567 U.S. —, —, 132 S. Ct. 2321, 2326 (2012). It does not apply to persons sentenced before it was enacted. United States v. Meeks, 469 Fed. App'x 479, 2012 WL 1503839, **1 (8th Cir. 2012) (unpublished opinion); United States v. Orr, 636 F.3d 944, 957–58 (8th Cir. 2011) (Fair Sentencing Act did not apply retroactively to defendant who was sentenced before enactment of FSA to mandatory minimum sentence).

In the FSA, Congress also ordered the United States Sentencing Commission to amend the Federal Sentencing Guidelines "to achieve consistency with other guideline

2

provisions and applicable law." Pub. L. No. 111–220 at § 8, 124 Stat. at 2374.  The Sentencing Commission subsequently amended the Sentencing Guidelines by reducing the sentencing ranges of imprisonment for certain federal crack cocaine offenders.  See U.S.S.G. App. C, Amendment 750.  The Sentencing Commission made those amended sentencing guidelines apply retroactively effective November 1, 2011.  See U.S.S.G. § 1B1.10(a) & (c) (providing that a court may reduce the sentence of a defendant serving a sentence of imprisonment where the sentencing guideline range was lowered as a result of Amendment 750).  A Guidelines range that is based on a mandatory minimum sentence is not affected by Amendment 750.  United States v. Lewis, 2012 WL 3139735, *1 (8th Cir. August 3, 2012); U.S.S.G. § 5G1.1(b) ("where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."); United States v. Baylor, 556 F.3d 672, 673 (8th Cir. 2009) (Guidelines amendments do not alter the statutory mandatory minimums for crack offenses); see U.S.S.G. § 1B1.10 n. 1(A) ("[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) . . . if . . . the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of . . . another statutory provision (e.g., a statutory mandatory minimum term of imprisonment.")); see also United States v. Roa-Medina, 607 F.3d 255, 261 (1st Cir. 2010) (holding that the crack amendment has no effect on the bottom of the restricted guidelines range—the statutory minimum).

The defendant was originally sentenced long before the FSA became effective on August 3, 2010, and therefore the FSA is not applicable.  Further, because Rogers

was sentenced to a mandatory minimum sentence, he does not receive the benefit of the retroactive Guidelines amendment. The defendant has already received a reduction in his sentence as a result of earlier Guidelines amendments and the court lacks authority to reduce his sentence below the statutory mandatory minimum. Accordingly, the court finds the defendant's motion for reconsideration should be denied.

IT IS ORDERED that the defendant's motion for reconsideration (Filing No. 221) is denied.

DATED this 20th day of August, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.